NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| | : | |
| QUINCY SLAUGHTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 21-01036 (RBK/SAK) |
| v. | : | |
| | : | **OPINION** |
| GALLOWAY TOWNSHIP, | : | |
| GALLOWAY TOWNSHIP POLICE | : | |
| DEPARTMENT, OFFICER FITTING, | : | |
| OFFICER MUNYON, OFFICER LOPEZ, | : | |
| SFC. D'ESPOSITO; | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER**, United States District Judge:

This matter comes before the court on *pro se* Plaintiff Quincy Slaughter's Complaint (Doc. No. 1) and application to proceed *in forma pauperis* ("IFP") (Doc. No. 1-1). The Complaint alleges an incident at a traffic stop where Plaintiff was forcibly removed from her vehicle and subjected to a search without consent. (Doc. No. 1). Plaintiff brings claims under 42 U.S.C. § 1983, 18 U.S.C. § 242, the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution, as well as claims of malicious prosecution and public defamation against Galloway Township, The Galloway Township Police Department, and individual officers ("Defendants"). (*Id.*). Based upon the affidavit submitted by Plaintiff, this court will grant Plaintiff's application to proceed IFP. (Doc. No. 1-1). Pursuant to 28 U.S.C. § 1915(e)(2) we must now screen the Complaint to determine whether Plaintiff's action is frivolous or malicious, fails to state a claim

1

on which relief may be granted, or seeks monetary relief from an immune defendant. For the

reasons set forth below, Plaintiff's Complaint is **DISMISSED**.

## I.      BACKGROUND

The following statement of claim is taken from the Complaint.

> On 1/14/2021 I was traveling south on Wrangleboro Road, was
> pulled over by Ofc. Fitting. He approached truck and asked if he
> could search. I said no, I don't consent to any search or seizure. Ofc.
> Munyon, Ofc. Lopez, & SFC. D'Esposito come as back up & K9
> officer. Ofc. Fitting forced me out the truck and violated my 4th
> Amendment and 14th Amendment, 5th Amendment, 6th
> Amendment, and 9th Amendment. I have video of event. Searched
> me in cold weather.

(Doc. No. 1 at 4).

Plaintiff seeks relief in the form of $800,000 in monetary damages for mental and physical

anguish and humiliation. She also seeks to bring a defamation claim for the humiliation she

experienced at the traffic stop.

## II.     LEGAL STANDARD

District courts must review IFP complaints and *sua sponte* dismiss any action or appeal

that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a

claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true,

construe the complaint in the light most favorable to the plaintiff, and determine whether, under

any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC

Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224,

233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

As Plaintiff is proceeding *pro se*, we have a "duty to construe [the] pleadings liberally and apply the applicable law, irrespective of whether [plaintiff has] mentioned it by name." *Rose v. Ortiz*, No. 14-1738, 2015 WL 9216589, at *1 (D.N.J. Dec. 16, 2015) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

## III.   DISCUSSION

Plaintiff requests monetary relief for the following claims: 42 U.S.C. § 1983, 18 U.S.C. § 242, the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments, malicious prosecution, and defamation. Each is addressed in turn.

### A.  Fourth Amendment Unreasonable Search and Seizure Claim

The Fourth Amendment protects individuals from unreasonable searches and seizures by the government. U.S. Const. amend. IV; *Maryland v. King*, 569 U.S. 435, 447 (2013). The reasonableness of a search or seizure depends upon whether, by an objective standard, the challenged action was justified under the circumstances. *Ashcroft v. al-Kidd*, 563 U.S. 731. 736

(2011). A search without a warrant is presumptively unreasonable, and the government bears the burden to establish that circumstances justified acting without a warrant. *United States v. Herrold*, 962 F.2d 1131, 1137 (3d Cir. 1992). Under the automobile exception to the warrant requirement, police officers may seize and search a vehicle without a warrant so long as probable cause exists to believe that the vehicle contains contraband or evidence of a crime. *United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002) (citing *United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992) and *United States v. Watson*, 423 U.S. 411, 421 (1976)). Probable cause to search a vehicle exists when "the facts available to [the police officer] would warrant a [person] of reasonable caution in the belief" that a crime was being committed. *Florida v. Harris*, 568 U.S. 237, 243 (2013) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)). In the course of a lawful traffic stop, a police officer may frisk the driver if there is reasonable suspicion that the driver might be presently armed and dangerous. *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 110-11 (1977)).

Here, Plaintiff states that her rights under the Fourth Amendment were violated when police officers searched her vehicle and her person without consent. Plaintiff does not state facts to substantiate these claims. In order to survive the 12(b)(6) standard, Plaintiff must state more information explaining why she is entitled to relief. She says that the police searched her, but she does not specify what this means: which officer searched her, whether they frisked her, what the officers stated. She says that the police searched her truck without consent, but she does not specify what the officers stated or whether the officers had any reason to stop Plaintiff. Because Plaintiff's complaint does not state sufficient facts for this claim, it does not meet the 12(b)(6) standard imposed by 28 U.S.C. § 1915(e)(2)(B), and we dismiss without prejudice. If Plaintiff chooses, she may seek leave to file an amended complaint stating additional facts to substantiate her claims.

### B.  Fifth and Sixth Amendment Claims

The Fifth Amendment provides the right to due process and certain rights to criminal suspects and to criminal defendants, as well as the protection from government takings. U.S. Const. Am. V.  Because Plaintiff does not allege that any Fifth Amendment rights were violated, a claim under the Fifth Amendment is not stated. The Sixth Amendment guarantees the rights of criminal defendants. U.S. Const. Am. VI. Because Plaintiff does not allege that she was subject to criminal prosecution, a claim under the Sixth Amendment is not stated. Claims under the Fifth and Sixth Amendments are dismissed without prejudice.

### C.  Ninth Amendment Claim

Plaintiff's statement mentions the Ninth Amendment. The Ninth Amendment cannot be basis for a cause of action, so the Ninth Amendment claim is dismissed with prejudice. *See Clayworth v. Luzerne Cty.*, 513 F. App'x 134, 137 (3d Cir. 2013) ("The Ninth Amendment does not independently provide a source of individual constitutional rights.").

### D.  Fourteen Amendment Claim

Plaintiff's statement mentions the Fourteenth Amendment. Fourteenth Amendment claims can take many forms, such as violations of substantive and/or procedural due process. Plaintiff has not stated which types of claims she seeks to raise. Plaintiff has not proffered facts to support any particular Fourteenth Amendment claim. Therefore, this claim is dismissed without prejudice.

### E.  Malicious prosecution

In New Jersey, a plaintiff claiming malicious prosecution must allege: "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." *Brunson v. Affinity Fed. Credit Union*, 972 A.2d 1112, 1119 (N.J. 2009)

(citations omitted). Here, Plaintiff has not alleged that she was criminally prosecuted nor arrested—only that she was pulled over and searched. Because a malicious prosecution claim is not plausible under these facts, this claim is dismissed without prejudice.

### F. Defamation

In New Jersey, the elements of a defamation claim align with those in the Restatement (Second) of Torts. *DeAngelis v. Hill*, 847 A.2d 1261, 1267 (N.J. 2004). In order to state a claim for defamation, a plaintiff must allege (1) a false and defamatory statement concerning another; (2) the unprivileged publication of the statement to a third party; and (3) negligence. *Id*. at 1268 (citing Restatement (Second) of Torts § 558).

A vehicle search without consent, by itself, does not amount to a claim for defamation. Plaintiff has not alleged a false statement. Plaintiff has not alleged that such a statement was published to a third party. This claim is dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). The Ninth Amendment claim is dismissed with prejudice. All other claims are dismissed without prejudice. For the claims that are dismissed without prejudice, Plaintiff may make a motion for leave to file an amended complaint within thirty (30) days to cure the deficiencies noted herein. If Plaintiff does not make a motion to file an amended complaint within thirty (30) days, then this matter will be dismissed with prejudice in its entirety. An Order follows.


Dated: 9/7/2021                                    /s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge